**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JEREMY BROWN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-cv-01384-SPM** |
| **CHAD HASEMYER,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jeramey Brown, an inmate in the custody of the Illinois Department of Corrections (IDOC), commenced this action pro se for violations of his constitutional rights that occurred while at Menard Correctional Center. After the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A, the Court recruited counsel to represent Plaintiff in this matter. Before this Court is a motion for leave to file an amended complaint filed by court-recruited counsel on behalf of Plaintiff. (Doc. 54). Plaintiff states that he would like to amend in order to add (1) Defendants Kyle Williamson and Justin Frazer, previously identified in the Complaint as John Does 1 and 2; (2) allegations as to the conditions of confinement Plaintiff suffered while housed at the Menard maximum-security unit; (3) allegations as to the deprivations of Plaintiff's right to freedom of speech and due process; and (4) a general reassertion and reframing of Plaintiff's causes of action previously asserted. Defendants do not oppose the motion.

### MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains

a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996).

Plaintiff's motion is timely filed and will not prejudice Defendants. Thus, the Court **GRANTS** the Motion for Leave to Amend Complaint. (Doc. 54). The Amended Complaint, however, is still subject to review under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### SECTION 1915A MERIT REVIEW

The facts as alleged in the Amended Complaint are substantially similar to the facts as summarized by the Court in the previous Merit Review Order. (*See* Doc. 18). The Court, therefore, will not restate the allegations here. The Court accepts Plaintiff's articulations of his claims (Counts 1-4) as stated in the Amended Complaint. Prior to addressing each count in turn, however, the Court dismisses all claims against Lieutenant Johnson, Correctional Officer Adams, and Warden Tiffanie Clark. There are no factual allegations against any of these Defendants describing their conduct or their involvement in the constitutional deprivations in the Amended Complaint. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, they will be terminated as parties to this case.

**Counts 1 and 2**

Count 1 will proceed against Hasemyer and Count 2 will proceed against Hasemyer, Armbuster-Huffman, Pitts, Sanders, Spiller, Zang, Schoenbeck, Cheek, Choate, Williamson, Frazer, Wills, Lawrence, Chambers, and Kilduff for the reasons stated in the previous Merit Review Order. (Doc. 18).

**Count 3**

Count 3 will proceed against Hasemyer, Armbuster-Huffman, Pitts, Sanders, Spiller, Zang, Schoenbeck, Cheek, Choate, Williamson, Frazer, Wills, Lawrence, Chambers, and Kilduff.

Count 3 is dismissed, however, as to John Doe 4, Smith, Jeffreys, Mulholland, Baker, Pierce, and Jackson. There are no factual allegations against these Defendants in the Amended Complaint describing their conduct or involvement in any alleged constitutional deprivations. These individuals cannot be found liable simply because they reviewed, denied, or mishandled Plaintiff's grievances or because they held supervisory positions.

Count 3 is also dismissed as to Inmates Voynar, Cole, Coulter, Hoskins, James, Crutchfield, and Bray. Each inmate is described as "an informant/state agent by Internal Affairs with the Illinois Department of Corrections." For a defendant to be liable under Section 1983, he or she must have deprived the plaintiff of a constitutional right while "acting under the color of state law." (Doc. 18, p. 13) (quoting *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015)). The Supreme Court has stated that acting under color of state law "requires that the defendant in a §1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 108 U.S. 42, 49 (1988) (internal citations omitted). The designation as "informants" by Internal Affairs does not confer legal authority over Plaintiff pursuant to state law. *See Fleischman v. Matz,*

No. 17-cv-1607-dej-pp, 2018 WL 3637541, at *3 (E.D. Wisc. July 31, 2018) (finding that the plaintiff could not sue fellow inmates where the inmates had no legal authority over the plaintiff). "Courts have consistently rejected attempts by prisoner plaintiffs to sue fellow inmates under §1983." *Crane v. Lopez,* No. 22-cv-00922-ADA-HBK(PC), 2023 WL 10147656, at *4 (E.D. Cal. Nov. 20, 2023) (collecting cases). Accordingly, Plaintiff's allegations are not sufficient to establish that Voynar, Cole, Coulter, Hoskins, James, Crutchfield, and Bray were state actors when they took possession of Plaintiff's property.

## Count 4

Plaintiff asserts that he has a protected liberty interest (1) in having his grievances heard and adjudicated by an unbiased tribunal pursuant to IDOC policies; (2) to not be retaliated against as a result of his constitutionally protected speech; (3) to not be subjected to atypical and significant hardships far worse and more restrictive than those he would have experienced at any other prison in Illinois; and (4) to not have his personal property wrongfully or unlawfully withheld, damaged, and stolen. By depriving him of these his liberty interests, Defendants violated his procedural and substantive due process rights. (Doc. 54-1, p. 22-23).

### *Grievance Procedures*

First, Count 4 is dismissed to the extent Plaintiff is claiming that his substantive and procedural due process rights were violated when his grievances where not heard and adjudicated by an unbiased tribunal. No independent claim arises under the Fourteenth Amendment Due Process Clause for the mishandling of grievances. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In fact, the "Constitution requires no procedure at all, so the failure of state prison officials to follow their own procedures does not violate the Constitution. *Maust v.*

*Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Furthermore, the Seventh Circuit has specifically denounced a "Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F. 3d 763, 772 (7th Cir. 2008). Accordingly, Plaintiff's due process claims are dismissed regarding the review and denial of his grievances.

### Deprivation of Property

Next, Count 4 is dismissed to the extent Plaintiff is claiming that he was deprived of his property without due process of law and that his substantive due process rights were violated by the confiscation and damage of his property. Illinois provides an adequate post-deprivation remedy for the loss or damage of property in an action for damages in the Illinois Court of Claims, and the "Seventh Circuit has closed the door…on any substantive due process claim based on a prisoner's confiscation of personal property..." *Tatum v. Meisner,* 2014 WL 6473481, at *4 (W.D. Wisc. Nov. 18, 2014) (citing *Secret v. Brierton,* 584 F. 2d 823, 830 (7 Cir. 1978). *See also Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Thus, Plaintiff has failed to state a due process claim for the damage and confiscation of his property.

### Remaining at Menard Maximum-Security Unit

Plaintiff alleges that Defendants deprived him of procedural and substantive due process rights by improperly confining him at the Menard maximum-security unit after his disciplinary report was expunged. He states that he was held under conditions far worse and more restrictive than those he would have experienced at any other prison in Illinois and was subjected to an atypical and significant hardships in relation to the ordinary incidents of prison life. Plaintiff experienced extreme social isolation, severely restricted movement, and an environment that virtually eliminated all external stimuli. Plaintiff did not have access to programming, such as a

job assignment, educational classes, and limited to no access to "general time." He was also exposed to a heightened danger of violence, since the most dangerous offenders are held at the Menard maximum-security unit. (Doc. 54-1, p. 15).

Plaintiff has failed to state a claim against Defendants for housing him at Menard maximum-security in violation of the Due Process Clause. "[I]t is well-settled that decisions regarding whether an inmate belongs in minimum, medium, or maximum security are not sufficient to create a liberty interest supporting a due process claim." *Williams v. Schultz,* No. 22-cv-2-jdp, 2022 WL 3138903, at *2 (W.D. Wisc. Aug. 5, 2022) (citing *Whitford v. Boglino,* 63 F.3d 527, 532 (7th Cir. 1995) ("A prisoner has no due process right to be housed in any particular facility.")). Furthermore, "the Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose")). *See also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir.1992) ("prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system"). Although Plaintiff was housed in a much more restrictive environment while at Menard maximum-security unit, he has not sufficiently pled facts from which the Court can plausibly infer that these conditions – social isolation, restricted movement, and lack of external stimuli – imposed an atypical and significant hardship on him beyond the struggles of ordinary prison life. *See Wagner v. Hanks,* 128 F. 3d 1173, 1175 (7th Cir. 1997) ("the courts have held that the transfer of a prisoner from one prison to another is not actionable as a deprivation of constitutionally protected liberty even if the conditions

of confinement are much more restrictive in the prison to which the prisoner is being transferred”); *Sandin v. Conner,* 515 U.S. 472, 483-82 (1995) (a cognizable liberty interest “will be generally limited to freedom from restraint”). He does not have a liberty or property interest in participating in certain privileges while incarcerated, such as a work assignment, educational classes, and general social time. *See Zimmerman v. Tribble,* 226 F. 3d 568, 571-71 (7th Cir. 2000); *Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1996) (per curiam); *Wallace v. Robinson,* 940 F.2d 243, 244 (7th Cir. 1991); *Smith v. Shettle,* 946 F. 2d 1250, 1252 (7th Cir. 1991). Because Plaintiff has not pled a significant deprivation of liberty and Plaintiff does not have a liberty interest in being housed at a certain facility, he has failed to state a due process claim regarding his assignment at Menard maximum-security unit.

### First Amendment Retaliation

Plaintiff alleges that Defendants retaliated against him for exercising his First Amendment rights by falsifying disciplinary charges that resulted in having him transferred to Menard maximum-security unit, finding him guilty of the charges and placing him in segregation for thirty days, and depriving him of and damaging his property.

“A violation of an inmate’s right to substantive due process may occur through the issuance of unjustified disciplinary charges when such charges were issued in retaliation for the exercise of a constitutional right.” *Kirsch v. Franklin,* 897 F. Supp. 1173, 1178 (E.D. Wisc. 1995) (citing *Black v. Lane,* 22 F. 3d 1395, 1402 (7th Cir. 1994)). However, “the absence of a protected liberty interest is fatal to his substantive due process claim.” *Id.* As discussed above, Plaintiff has not pled conditions at Menard maximum-security unit that amounted to an atypical and significant deprivation creating a liberty interest, and he does not have a protected interest in remaining at a certain correctional facility or in retaining his property. Accordingly, his substantive due process

claim based on retaliatory conduct of Defendants is dismissed.

For these reasons, Plaintiff has failed to state a claim under the Fourteenth Amendment and Count 4 is dismissed without predjudice.

### DISPOSITION

For the reasons stated above, pursuant to Rule 15 and after review of the proposed amended complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** the Motion for Leave to File Amended Complaint. (Doc. 54). Plaintiff is **DIRECTED** to the file the proposed amended complaint **INSTANTER.** After conducting a review of the proposed amended complaint pursuant to Section 1915A, Plaintiff is proceeding on **COUNT 1** against Hasemyer, **COUNT 2** against Hasemyer, Armbuster-Huffman, Pitts, Sanders, Spiller, Zang, Schoenbeck, Cheek, Choate, Williamson, Frazer, Wills, Lawrence, Chambers, and Kilduff, and **COUNT 3** against Hasemyer, Armbuster-Huffman, Pitts, Sanders, Spiller, Zang, Schoenbeck, Cheek, Choate, Williamson, Frazer, Wills, Lawrence, Chambers, and Kilduff. **COUNT 4** is **DISMISSED without prejudice**.

All claims against Johnson, Adams, Clark, John Doe 4, Smith, Jeffreys, Mulholland, Baker, Pierce, Jackson, Voynar, Cole, Coulter, Hoskins, James, Crutchfield, and Bray are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to terminate them as parties on the docket.

In light of this Order and the filing of an Amended Complaint naming Defendants Frazer and Williamson as defendants, the Motion to Substitute is **DENIED as moot**. (Doc. 53). The Clerk of Court is **DIRECTED** to serve process on Frazer and Williamson in accordance with the Merit Review Order at Doc. 18.

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Newly added Defendants shall follow the deadlines as stated in the Initial Scheduling and

Discovery Order regarding discovery and motion for summary judgment on exhaustion deadlines. (*See* Doc. 37).

The Motions for Extension of Time are **GRANTED.** (Doc. 55, 56). A motion for summary judgment for failure to exhaust administrative remedies is due by Defendants Zang, Wills, Spiller, Schoenbeck, Pitts, Lawrence, Hasemeyer, Choate, Chambers, Armbruster-Huffman, Cheek, and Kilduff on or before June 7, 2024.

**IT IS SO ORDERED.**

**DATED:   April 9, 2024**

  *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**